USDC SCAN INDEX SHEET

















LMH   10/31/05   14:02

3:03-CV-02140   BOYCE V. SPORTS AND FITNESS

*180*

*O.*

1

2

3

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

4  ROBERT L. BOYCE, JR., STEPHANIE
   SHETLER, PHILIP AYON, MICHAEL
5  QUIGLEY, JUSTIN LEVINE, KEVIN
   WATTS, J.C. CHARLES, RAFAEL
6  ORTIZ, ERICK NORTHROUP,
   DUROJAIYE SALAAM,
7  CHRISTOPHER STAFFIN, CARMEN
   LITTLEJOHN, LUKE SEEWOSTER,
8  MARTIN L. GODFREY, BENJAMIN A.
   DELUCA, JAMES HEFELE, DENNY
9  YNZUNZA, BRENT KALUHIKAUA,
   ERIC FUENTES, COLLEEN DOLL-
10 STEVENS, AARON G. BUTLER,
   ROBERT JUENGER, CHRIS MASONE
11 and NATHAN EINKORN, individuals for
   themselves; on behalf of all others
12 similarly situated and on behalf of the
   general public,

13

14          Plaintiffs,

15     v.

16 SPORTS AND FITNESS CLUB OF
   AMERICA, an Ohio corporation, 24
17 HOUR FITNESS USA, INC., a California
   corporation, both collectively dba 24
18 HOUR FITNESS, and DOES 1 through
   10, inclusive,

19          Defendants.

No. 03cv2140-BEN (BLM)

[PROPOSED] ORDER GRANTING JOINT
*EX PARTE* APPLICATION FOR ORDER
(1) CONDITIONALLY CERTIFYING
SETTLEMENT CLASSES; (2)
PRELIMINARILY APPROVING
CLASS/COLLECTIVE ACTION
SETTLEMENT; (3) DIRECTING
DISTRIBUTION OF CLASS NOTICE;
AND (4) SETTING HEARING FOR FINAL
APPROVAL OF THE SETTLEMENT

CLASS ACTION [FRCP 23]

COLLECTIVE ACTION
[29 U.S.C. § 216(b)]

20

21

22

23

24

25

26

27

28

SF/361184.7

1  This action is pending before this Court as a class/collective action (the "Action").[1]  The

2  Named Plaintiffs Robert L. Boyce, Jr., Stephanie Shetler, Justin Levine, Kevin Watts, J.C. Charles,

3  Rafael Ortiz, Luke Seewoster, Martin L. Godfrey, Benjamin A. DeLuca, James Hefele, Denny

4  Ynzunza, Brent Kaluhikaua, Eric Fuentes, Colleen Doll-Stevens, Philip Ayon, Michael Quigley,

5  Erick Northroup, Durojaiye Salaam, Christopher Staffin, Carmen Littlejohn ("Plaintiffs") have

6  reached a proposed settlement of the Action with Defendants Sports and Fitness Clubs of America

7  and 24 Hour Fitness USA, Inc., dba 24 Hour Fitness ("24 Hour Fitness").  The Parties jointly applied

8  to this Court for an order preliminarily approving the Settlement of the Action in accord with the

9  Joint Stipulation of Settlement and Release Between Plaintiffs and Defendant, (the "Settlement"),

10  which sets forth the terms and conditions for a proposed settlement and dismissal of the Action,

11  including the Court Actions, with prejudice upon the terms and conditions set forth therein (attached

12  hereto as Exhibit 1).

13  The Court having read and considered the Settlement and the exhibits annexed thereto

14  HEREBY ORDERS:

15  1.  This Order incorporates by reference the definitions in the Settlement and all terms

16  defined therein shall have the same meaning in this Order as set forth in the Settlement.

17

18

---

[1]  By way of a first amended complaint filed on April 8, 2005 (which was filed by stipulation of the parties in furtherance of the Settlement), the present action represents a consolidation of seven purported wage and hour class action lawsuits filed in various California State and Federal courts between December 31, 2002 and September 8, 2004 against 24 Hour Fitness (the "Court Actions"). The Court Actions are:

a.  *Boyce v. Sports and Fitness Clubs of America, et al.*, Case No. 03-CV-2140 BEN (U.S.D.C. S.D.Cal.) (filed October 29, 2003) ("*Boyce I*" prior to the filing of the First Amended Complaint, and "*Boyce II*" after the filing of the First Amended Complaint);

b.  *Levine v. 24 Hour Fitness,* Case No. 02-CC00386 (Orange County Superior Court) (filed December 31, 2002)("*Levine*");

c.  *Ynzunza v. 24 Hour Fitness,* Case No. 03-CC00006 (Orange County Superior Court) (filed January 6, 2003) ("*Ynzunza*");

d.  *Seewoster v. 24 Hour Fitness,* Case No. 03 CC00576 (Orange County Superior Court) (filed December 23, 2003) ("*Seewoster*");

e.  *Shetler v. 24 Hour Fitness,* Case No. GIC 829814 (San Diego County Superior Court) (filed May 11, 2004) ("*Shetler*");

f.  *Ayon v. 24 Hour Fitness,* Case No. CIVMSC 04-00357 (Contra Costa County Superior Court) (filed March 1, 2004) ("*Ayon*"); and

g.  *Northroup v. 24 Hour Fitness,* Case No. BC321194 (Los Angeles County Superior Court) (filed September 8, 2004) ("*Northroup*").

[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION
FOR PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT

2.     The Court hereby conditionally certifies each of the Settlement Classes for settlement purposes only. Should the Settlement not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, nor be admissible in connection with, the issue of whether a class should be certified in a non-settlement context. The Settlement Classes are as follows:

a.     the Manager Class:  all persons who work or worked for 24 Hour Fitness in the State of California at any time from December 31, 1998, through the date of this Order as either a: General Manager ("GM")[2]; Fitness Manager ("FM")[3]; or Operations Manager ("OM"),[4] or who opted in to this collective action pursuant to the Fair Labor Standards Act (29 U.S.C. § 216(b)) from outside the State of California;

b.     the Commission Class:  all persons who work or worked for 24 Hour Fitness in the State of California at any time from December 31, 1998, through the date of this Order in any commission eligible or success bonus eligible position, excluding only District Fitness Managers ("DFMs") and District Sales Managers ("DSMs").  This includes but is not limited to the following positions:  Personal Trainer ("PT")[5]; Sales Counselor ("SC")[6]; Front Desk Employee ("FDE")[7]; Corporate Sales Manager; Corporate Group Sales; General Manager ("GM"), including Assistant GM, GM Active and GM Trainee; Fitness Manager ("FM"), including Assistant FM, FM Active and

---

[2]     For purposes of the Settlement, the terms "General Manager" or "GM" include GM Express, Sales Manager, Sales Manager Express, and Assistant General Manager (exempt).
[3]     For purposes of the Settlement, the terms "Fitness Manager" or "FM" include FM Express, Fitness Manger Trainee, Fitness Manager Active (exempt), and Fitness Manager II.
[4]     For purposes of the Settlement, the terms "Operations  Manager" or "OM" include OM Express and Service Manager.
[5]     For purposes of the Settlement, the terms "Personal Trainer" or "PT" include Trainer, Certified Personal Trainer (also known as "CPT"), CPTI, CPTII, CPTIII, CPT Elite, Trainer Fit Pro (also known as "TFP"), TFPI, TFPII, TFPIII, TFP Elite, FLS, Apex Tech, Assistant Fitness Manager, AFM, Fitness Manager Active (non-exempt), Fitness Instructor, Floor Supervisor and Floor Instructor.
[6]     For purposes of the Settlement, the terms "Sales Counselor" or "SC" include Senior Sales Counselor, Fitness Counselor and Senior Fitness Counselor.
[7]     For purposes of the Settlement, the terms "Front Desk Employee" or "FDE" include Front Desk Receptionist, Front Desk Supervisor and Front Desk Night.

SF/361184.7                                    3.                          2005; CV; 03 CV2140

1   FM Trainee; or Operations Manager ("OM"), including Assistant OM, OM

2   Active and OM Trainee;

3   c.   the Uniform Class: all persons who work or worked for 24 Hour Fitness in

4   the State of California at any time from May 11, 2000, through the date of this

5   Order in any position where the employee was required to wear 24 Hour

6   Fitness logo clothing on the job or to incur marketing expenses, including the

7   following positions: Personal Trainer ("PT"); Sales Counselor ("SC"); Front

8   Desk Employee ("FDE"); Athletic Liaison; Athletic Monitor; Club Attendant;

9   Juice Bar or Fuel Station Employee, including Juice Bar/Fuel Station Team

10   Member, Juice Bar/Fuel Station Manager and Juice Bar/Fuel Station

11   Supervisor; Kid's Club Employee, including Kid's Club Attendant and Kid's

12   Club Supervisor; Maintenance Employee, including Maintenance Supervisor

13   and Maintenance Tech; Porter; Referee; Retail Merchandising Employee,

14   including Retail Merchandising Associate and Retail Merchandising

15   Supervisor; Pro Shop; Corporate Sales Manager; Corporate Group Sales;

16   Janitorial Supervisor; General Manager ("GM"), including Assistant GM, GM

17   Active and GM Trainee; Fitness Manager ("FM"), including Assistant FM,

18   FM Active and FM Trainee; and/or Operations Manager ("OM"), including

19   Assistant OM, OM Active and OM Trainee; and

20   d.   the Hourly Class: all persons who work or worked for 24 Hour Fitness in the

21   State of California at any time from October 29, 1999, through the date of this

22   Order in the following positions: Personal Trainer ("PT"); Sales Counselor

23   ("SC"); Front Desk Employee ("FDE"); or Assistant General Manager

24   ("AGM"), or who opted in to this collective action pursuant to the Fair Labor

25   Standards Act (29 U.S.C. § 216(b)) from outside the State of California.

26   3.   Pursuant to Rule 23, Federal Rules of Civil Procedure, the following Plaintiffs are

27   hereby appointed and designated, for all purposes under this Order, as the representatives of the

28   Settlement Classes:

SF/361184.7

4.

[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION
FOR PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT

1            a.     <u>for the Manager Class</u>:  Justin Levine, Kevin Watts, J.C. Charles, Rafael

2                    Ortiz, Robert Boyce Jr., Erick Northroup, Durojaiye Salaam, Christopher

3                    Staffin and Carmen Littlejohn;

4            b.     <u>for the Commission Class</u>:  Denny Ynzunza, Brent Kaluhikaua, Kevin Watts,

5                    Eric Fuentes, J.C. Charles, Rafael Ortiz, Justin Levine and Colleen Doll-

6                    Stevens;

7            c.     <u>for the Uniform Class</u>:  Stephanie Shetler, Robert L. Boyce Jr., Benjamin A.

8                    Deluca and James Hefele; and

9            d.     <u>for the Hourly Class</u>:  Luke Seewoster, Martin L. Godfrey, Robert L. Boyce

10                   Jr., Stephanie Shetler, Philip Ayon and Michael Quigley.

11      4.      Pursuant to Rule 23, the following attorneys are hereby appointed and designated as

12 counsel for the Plaintiffs and the Settlement Classes ("Class Counsel"):

13            a.     <u>for the Manager Class</u>:  René Barge of Spiro, Moss, Barness, Harrison &

14                   Barge, LLP and Gregory G. Petersen of Castle, Petersen & Krause LLP;

15            b.     <u>for the Commission Class</u>:  René Barge of Spiro, Moss, Barness, Harrison &

16                   Barge, LLP;

17            c.     <u>for the Uniform Class</u>:  Gregory G. Petersen of Castle, Petersen & Krause

18                   LLP; and

19            d.     <u>for the Hourly Class</u>:  Gregory G. Petersen of Castle, Petersen & Krause LLP,

20                   James M. Trush of the Trush Law Office, Greg K. Hafif of the Law Offices of

21                   Herbert Hafif, APC, and Larry A. Sackey of the Law Offices of Larry A.

22                   Sackey.

23      5.      Class Counsel are authorized to act on behalf of Settlement Class Members with

24 respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and

25 such other acts reasonably necessary to consummate the Settlement.  Any Settlement Class Member

26 may enter an appearance through counsel of such Member's own choosing and at such Member's

27 own expense.  Any Settlement Class Member who does not enter an appearance or appear on his or

28 her own behalf will be represented by Class Counsel.

6.     The Court hereby preliminarily approves the definition and disposition of the settlement amounts and related matters provided for in the Settlement, including the Attorneys' Fees Awards as follows:

a.     <u>for the Manager Class</u>: a maximum settlement payment of twelve million four hundred thousand dollars ($12,400,000.00), which is inclusive of: the payment of attorneys' fees in the amount of four million one hundred thirty-three thousand three hundred thirty-three dollars and thirty-three cents ($4,133,333.33) to Manager Class Counsel; the payment of costs in the estimated amount of twenty-four thousand six hundred dollars ($24,600.00) to Manager Class Counsel; and service payment awards of thirty thousand dollars ($30,000.00) to Class Representatives Justine Levine, Kevin Watts, J.C. Charles, Rafael Ortiz and Robert L. Boyce, Jr. and two thousand five hundred dollars ($2,500.00) to Class Representatives Erick Northroup, Durojaiye Salaam, Christopher Staffin and Carmen Littlejohn;

b.     <u>for the Commission Class</u>: a maximum settlement payment of four million six hundred thousand dollars ($4,600,000.00), which is inclusive of: the payment of attorneys' fees in the amount of one million five hundred thirty-three thousand three hundred thirty-three dollars and thirty-three cents ($1,533,333.33) to Commission Class Counsel; the payment of costs in the estimated amount of five thousand four hundred dollars ($5,400.00) to Commission Class Counsel; and service payment awards of fifteen thousand dollars ($15,000.00) to Class Representatives Denny Ynzunza, Brent Kaluhikaua, Kevin Watts, Eric Fuentes, J.C. Charles, Rafael Ortiz, Justin Levine and Colleen Doll-Stevens;

c.     <u>for the Uniform Class</u>: a maximum settlement payment of one million five hundred thousand dollars ($1,500,000.00), which is inclusive of: the payment of attorneys' fees in the amount of five hundred thousand dollars ($500,000.00) to Uniform Class Counsel; the payment of costs in the

[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION
FOR PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT

1                estimated amount of five thousand dollars ($5,000.00) to Uniform Class

2                Counsel; and service payment awards of five thousand dollars ($5,000.00) to

3                Class Representatives Stephanie Shetler, Robert L. Boyce Jr., Benjamin A.

4                Deluca and James Hefele; and

5       d.    <u>for the Hourly Class</u>: a maximum settlement payment of nineteen million five

6                hundred thousand dollars ($19,500,000.00), which is inclusive of: the

7                payment of attorneys' fees in the amount of six million five hundred thousand

8                dollars ($6,500,000.00) to Hourly Class Counsel; the payment of costs in the

9                estimated amount of sixty-five thousand eight hundred seventy-six dollars

10               ($65,876.00) to Hourly Class Counsel; and service payment awards of fifteen

11               thousand dollars ($15,000.00) to Class Representatives Luke Seewoster,

12               Martin L. Godfrey, Robert L. Boyce, Jr. and Stephanie Shetler and two

13               thousand five hundred dollars ($2,500.00) to Class Representatives Philip

14               Ayon and Michael Quigley.

15     7.    The Court approves the use of CPT Group, Inc., as the Settlement Administrator in

16 this Action, with administration costs in the estimated amount of four hundred sixteen thousand

17 dollars ($416,000.00). Pursuant to the Settlement, the costs of Settlement Administration will be

18 deducted from the Manager Class and Commission Class Maximum Settlement Amounts, but will

19 not be deducted from the Uniform Class or Hourly Class Maximum Settlement Amounts.

20     8.    The Court hereby preliminarily approves the Settlement. The Court finds on a

21 preliminary basis that the Settlement appears to be within the range of reasonableness of a settlement

22 that could ultimately be given final approval by this Court. It appears to the Court on a preliminary

23 basis that the Settlement amount is fair, adequate and reasonable as to all potential Settlement Class

24 Members when balanced against the probable outcome of further litigation relating to liability and

25 damages issues. It further appears that extensive and costly investigation and research has been

26 conducted such that counsel for the Parties at this time are reasonably able to evaluate their

27 respective positions. It further appears to the Court that the Settlement at this time will avoid

28 substantial additional costs by all Parties, as well as the delay and risks that would be presented by

SF/361184.7                             7.                       2005; CV; 03 CV2140

1   the further prosecution of the Action. It further appears that the Settlement has been reached as the

2   result of intensive, non-collusive, arms-length negotiations, including a three-day mediation with an

3   experienced third party neutral.

4        9.    A hearing (the "Settlement Hearing") shall be held before this Court on

5   _January 23_, 2006, at _11:00_ a.m. in the United States District Court for the Southern

6   District of California, located at Courtroom 3, 940 Front Street, San Diego, California 92101, to

7   determine all necessary matters concerning the Settlement, including: whether the Settlement on the

8   terms and conditions provided for is fair, adequate and reasonable and should be finally approved by

9   the Court; whether a Judgment should be entered herein; whether the Settlement should be approved

10  as fair, adequate and reasonable to the Class Members; whether the Court should finally approve the

11  attorneys' fees and reimbursement of expenses awarded to Class Counsel; and whether the Court

12  should finally approve the service payment awards to the Class Representatives. All papers in

13  support of final approval shall be filed with the Court not later than ten (10) court days before the

14  date of the Settlement Hearing.

15       10.    The Court hereby approves, as to form and content, the proposed Notice of

16  Settlement of Class/Collective Action and attachments (the "Notice") set forth in the Settlement.

17  The Court finds that the distribution of the Notice substantially in the manner and form set forth in

18  the Settlement meets the requirements of due process; Rule 23(c)(2) and (e), Federal Rules of Civil

19  Procedure; and 29 U.S.C. section 216(b); and that the Notice is the best practicable under the

20  circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. At least

21  five (5) Court days before the Settlement Hearing, the Settlement Administrator shall file a sworn

22  statement evidencing compliance with the Notice provisions of the Settlement.

23       11.    The Court hereby appoints CPT Group, Inc., as Settlement Administrator and hereby

24  directs the Settlement Administrator to mail or cause to be mailed the Notice, which includes a

25  Claim Form and an Election to be Excluded From Class Action Settlement, by U.S. Mail or

26  equivalent, not later than fourteen (14) calendar days after the date on which the Court's order

27  preliminarily approving the Settlement is entered (the "Notice Date"), using the procedures set-forth

28  in the Settlement, and thereafter to make such further efforts to locate and deliver the Notice to Class

[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION
FOR PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT

1    Members as are specified in the Settlement. Any Settlement Class Member who wishes to receive a

2    portion of the settlement fund must fill out a claim form and opt in to the FLSA claims as provided

3    in the Notice by following the instructions for making a claim that are set forth in the Notice. To be

4    considered, all claim forms must be submitted to the Claims Administrator not later than sixty (60)

5    calendar days after the date of initial mailing of the claim forms. Any Settlement Class Members

6    who do not file a claim form and opt in to the FLSA claims will not be entitled to any recovery from

7    the settlement fund and will not be bound by the Settlement with regard to their FLSA claims.

8         12.    Any Settlement Class Member may choose to opt out of and be excluded from the

9    Rule 23 Settlement Class as provided in the Notice by following the instructions for requesting

10   exclusion from the Settlement Class that are set forth in the Notice. All requests for exclusion must

11   be submitted no later than forty-five (45) calendar days after the date of initial mailing of the

12   exclusion form, as provided in the Notice. Any such person who chooses to opt out of and be

13   excluded from the Settlement Class will not be entitled to receive any money under the Settlement

14   and will not be bound by the Settlement. Any written request to opt out must be signed by the

15   person opting out.

16        13.    Any Settlement Class Member may appear at the Settlement Hearing and may object

17   or express the Member's views regarding the Settlement, and may present evidence and file briefs or

18   other papers, that may be proper and relevant to the issues to be heard and determined by the Court

19   as provided in the Notice. However, no Settlement Class Member or any other person shall be heard

20   or entitled to object, and no papers or briefs submitted by any such person shall be received or

21   considered by the Court, unless on or before thirty (30) calendar days after the date of initial mailing

22   of the exclusion form, that person has filed with the Clerk of this Court, and served by hand or by

23   first class mail upon: (1) CPT Group, Inc., 16630 Aston Street, Irvine, CA  92606; (2) Castle,

24   Petersen & Krause, LLP, Attn: Gregory G. Petersen, Esq., 4675 MacArthur Court, Suite 1250,

25   Newport Beach, CA  92660; (3) Spiro, Moss, Barness, Harrison & Barge, LLP, Attn: René Barge,

26   Esq., 11377 W. Olympic Blvd., 5th Floor, Los Angeles, CA  90064; (4) Trush Law Office, Attn:

27   James M. Trush, Esq., 695 Town Center Dr., Suite 700, Costa Mesa, CA  92626; (5) Law Offices of

28   Herbert Hafif APC, Attn: Greg K. Hafif, 269 West Bonita Ave., Claremont, CA  91711; (6) Law

[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION
FOR PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT

1  Offices of Larry A. Sackey, Attn: Larry A. Sackey, 11500 W. Olympic Blvd., Suite 550, Los

2  Angeles, CA 90064; (7) Paul, Hastings, Janofsky, & Walker, LLP, Attn: Robert P. Kristoff, Esq., 55

3  Second St., 24th Floor, San Francisco, CA 94105; (8) Jackson Lewis, LLP, Attn: Mia Farber, Esq.,

4  725 South Figueroa St., Suite 2500, Los Angeles, CA 90017; and (9) Littler Mendelson APC, Attn:

5  Van A. Goodwin, Esq., 701 B St., 13th Floor, San Diego, CA 92101, their written objections and

6  any papers and briefs in support of their position and verification of their membership in the Class.

7  Any Settlement Class Member who does not make his or her objection in the manner provided for in

8  this Order shall be deemed to have waived such objection and shall forever be foreclosed from

9  making any objection to the Settlement.

10      14.    All papers of a Party to the Settlement in support of the Settlement, including

11  responses to objections or comments from Class Members, shall be filed with the Court and served

12  on the other Party's Counsel no later than ten (10) court days before the Settlement Hearing.

13      15.    CPT Group, Inc., shall provide to the Court, at least five (5) business days prior to the

14  Settlement Hearing, a declaration of due diligence and proof of mailing with regard to the mailing of

15  the Notice and CPT Group's attempts to locate Class Members.

16      16.    The Settlement is not a concession or admission, and shall not be used against 24

17  Hour Fitness or any of the Released Parties as an assertion, admission or indication with respect to

18  any claim of any of the Released Parties, or of any fault or omission by 24 Hour Fitness.

19      17.    In the event the Settlement does not become effective in accordance with the terms of

20  the Settlement, or the Settlement is not finally approved, or is terminated, cancelled or fails to

21  become effective for any reason, this Order shall be rendered null and void and shall be vacated, and

22  the Parties shall revert to their respective positions as of the commencement of litigation.  In that

23  event, the parties will be free to assert any claim or defense that could have been asserted at the

24  outset of litigation.

25

26

27

28

SF/361184.7                   10.                      2005; CV; 03 CV2140

1          The Court reserves the right to adjourn or continue the date of the Settlement Hearing and all

2    dates provided for in the Settlement without further notice to Settlement Class Members, and retains

3    jurisdiction to consider all further applications arising out of or connected with the proposed

4    Settlement.

5    Dated: _____, 2005.    _____

6                                     Roger T. Benitez

                                  United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION
FOR PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT

1  **Robert J. Boyce, Jr., et al. v. Sports and Fitness Club of America, et al.**
United States District Court; Southern District of California
2  U.S. District Court Case No. 03 CV 2140-BEN (BLM)

3                              **PROOF OF SERVICE**

4              I am a resident of the State of California, over the age of eighteen years, and not a

5  party to the within action.  My business address is 701 "B" Street, 13th Floor, San Diego, California

6  92101.8194.  On June 24, 2005, I served the within document(s):

7

                  **SEE ATTACHMENT "A" FOR LIST OF DOCUMENTS SERVED**

8

9     ☒    by placing a true copy of the document(s) listed above for collection and mailing following
           the firm's ordinary business practice in a sealed envelope with postage thereon fully
10         prepaid for deposit in the United States mail at San Diego, California addressed as set forth
           below.
11

12    ☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees
           provided for, in an overnight delivery service pick up box or office designated for
13         overnight delivery, and addressed as set forth below.

14

| | |
|---|---|
| 15 | Gregory G. Petersen, Esq. | Robert P. Kristoff, Esq. |

Gregory G. Petersen, Esq.
Justian Jusuf, Esq.
Rex Hwang, Esq.
Castle, Petersen & Krause, LLP
4675 MacArthur Court, Suite 1250
Newport Beach, CA 92660
Telephone:  (949) 417-5600
Facsimile:  (949) 417-5610

Attorneys for Plaintiffs,
ROBERT L. BOYCE JR. and
STEPHANIE SHETLER

Robert P. Kristoff, Esq.
Jeffrey D. Wohl, Esq.
Sana Swe, Esq.
Julie A. Wilkinson, Esq.
Paul, Hastings, Janofsky & Walker, LLP
55 Second Street, 24th Floor
San Francisco, California  94105-3441
Telephone:  (415) 856-7000

Attorneys in Association for Defendants
SPORTS AND FITNESS CLUBS OF
AMERICA, et al.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
701 "B" Street
13th Floor
San Diego, CA 92101 8194
619.232.0441

                              . 1

| | |
|---|---|
| 1 Mia Farber, Esq.<br>Nicky Jatana, Esq.<br>2 Chad D. Bernard, Esq.<br>Jackson Lewis LLP<br>3 752 South Figueroa Street, Suite 2500<br>Los Angeles, California 90017<br>4 Telephone: (213) 689-0404<br><br>5 Attorneys in Association for Defendants<br>SPORTS AND FITNESS CLUBS OF<br>6 AMERICA, et al.<br>7 | James M. Trush, Esq.<br>Trush Law Office<br>695 Town Center Drive, Suite 700<br>Costa Mesa, CA 92626<br>Telephone: (714) 384-6390<br>Facsimile: (714) 384-6391<br><br>Attorney in Association for Plaintiffs,<br>ROBERT L. BOYCE, JR., and STEPHANIE<br>SHETLER |
| 8 Herbert Hafif, Esq.<br>Greg K. Hafif, Esq.<br>Law Offices of Herbert Hafif, APC<br>9 269 West Bonita Avenue<br>Claremont, California 91711-7772<br>10 Telephone: (909) 624-1671<br>Facsimile: (909) 625-7772<br>11<br>Attorneys in Association for Plaintiffs,<br>12 ROBERT L. BOYCE, JR. and STEPHANIE<br>SHETLER<br>13 | Larry A. Sackey, Esq.<br>Law Offices of Larry A. Sackey<br>11500 W. Olympic Boulevard, Suite 550<br>Los Angeles, California 90064<br>Telephone: (310) 575-4444<br>Facsimile: (310) 575-4520<br><br>Attorneys in Association for Plaintiffs,<br>ROBERT L. BOYCE, JR., and STEPHANIE<br>SHETLER |
| 14 Rene Barge, Esq.<br>Ira Spiro, Esq.<br>15 Spiro, Moss, Barness, Harrison & Barge, LLP<br>11377 W. Olympic Boulevard, Fifth Floor<br>16 Los Angeles, California 90064<br>Telephone: (310) 235-2468<br>17 Facsimile: (310) 235-2456<br>18 Attorneys in Association for Plaintiffs,<br>ROBERT L. BOYCE, JR. and STEPHANIE<br>19 SHETLER | Courtesy Copy To:<br><br>The Honorable Roger T. Benitez, Judge<br>United States District Court, Southern District<br>880 Front Street, 4th Floor<br>Courtroom 3<br>San Diego, CA 92101 |

20    I am readily familiar with the firm's practice of collection and processing

21 correspondence for mailing and for shipping via overnight delivery service. Under that practice it

22 would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

23 deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

24 thereon fully prepaid in the ordinary course of business.

25    I declare under penalty of perjury under the laws of the State of California that the

26 above is true and correct. Executed on June 24, 2005, at San Diego, California.

27

28                        _____
                                 KIMBERLY DAMMEYER

LITTLER MENDELSON<br>A PROFESSIONAL CORPORATION<br>701 "B" Street<br>13th Floor<br>San Diego, CA 92101-8194<br>619 232 0441

. 2

1   <u>Robert L. Boyce, et al. v. Sports and Fitness Clubs of America, et al.</u>
2   U.S. District Court Case No. 03cv2140-BEN (BLM)

3

4       1)   JOINT STIPULATION TO FILE AMENDED (1) NOTICE OF
                      SETTLEMENT OF CLASS/COLLECTIVE ACTION; (2) CLAIM
5                     FORM; AND (3) [PROPOSED] ORDER GRANTING JOINT *EX*
6                     *PARTE* APPLICATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
701 "B" Street
13th Floor
San Diego, CA 92101-8104
619 232 0441

. 3

PROOF OF SERVICE