USDC SCAN INDEX SHEET










```
RYC    1/26/06    15:43
3:03-CV-02140    BOYCE V. SPORTS AND FITNESS
*204*
*JGM.*
```

FILED
06 JAN 24 PH 2:01
DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. BOYCE, JR., STEPHANIE SHETLER, PHILIP AYON, MICHAEL QUIGLEY, JUSTIN LEVINE, KEVIN WATTS, J.C. CHARLES, RAFAEL ORTIZ, ERICK NORTHROUP, DUROJAIYE SALAAM, CHRISTOPHER STAFFIN, CARMEN LITTLEJOHN, LUKE SEEWOSTER, MARTIN L. GODFREY, BENJAMIN A. DELUCA, JAMES HEFELE, DENNY YNZUNZA, BRENT KALUHIKAUA, ERIC FUENTES, COLLEEN DOLL-STEVENS, AARON G. BUTLER, ROBERT JUENGER, CHRIS MASONE and NATHAN EINKORN, individuals for themselves; on behalf of all others similarly situated and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SPORTS AND FITNESS CLUB OF AMERICA, an Ohio corporation, 24 HOUR FITNESS USA, INC., a California corporation, both collectively dba 24 HOUR FITNESS, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 03cv2140-BEN (BLM)<br><br>[REVISED] [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARDING ATTORNEYS' FEES, COSTS, AND PLAINTIFF SERVICE AWARDS, AND DISMISSING ACTION WITH PREJUDICE<br><br>CLASS ACTION [FRCP 23]<br><br>COLLECTIVE CLASS ACTION [29 U.S.C. § 216(b)]<br><br>Date: January 23, 2006<br>Time: 11:00 a.m.<br>Judge: Honorable Roger T. Benitez<br>Crtrm: 3 – 4th Floor<br><br>ENTERED ON JAN 2 6 2006 |

03 cv 2140-BEN(BLM)
[REVISED] [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS/COLLECTIVE CLASS ACTION SETTLEMENT

204

1   This action is pending before this Court as a class/collective class action (the "Action").[1]
2   The Named Plaintiffs, Robert L. Boyce, Jr., Stephanie Shetler, Justin Levine, Kevin Watts, J.C.
3   Charles, Rafael Ortiz, Luke Seewoster, Martin L. Godfrey, Benjamin A. DeLuca, James Hefele,
4   Denny Ynzunza, Brent Kaluhikaua, Eric Fuentes, Colleen Doll-Stevens, Philip Ayon, Michael
5   Quigley, Erick Northroup, Durojaiye Salaam, Christopher Staffin, Carmen Littlejohn ("Plaintiffs"),
6   have reached a proposed settlement of the Action with Defendants Sports and Fitness Clubs of
7   America and 24 Hour Fitness USA, Inc., dba 24 Hour Fitness ("24 Hour Fitness" or "Defendant").
8   Plaintiffs and Defendant are collectively referred to herein as the "Parties."

9   The parties have submitted their proposed Joint Stipulation of Settlement and Release
10  Between Plaintiffs and Defendant (the "Settlement" or "Settlement Agreement"), which this Court
11  preliminarily approved in its October 31, 2005 Order Granting Joint *Ex Parte* Application for Order
12  (1) Conditionally Certifying Settlement Classes; (2) Preliminarily Approving Class/Collective
13  Action Settlement; (3) Directing Distribution of Class Notice; and (4) Setting Hearing for Final
14  Approval of the Settlement ("Preliminary Approval Order"). In accordance with the Preliminary
15  Approval Order, Class Members have been given notice of the terms of the Settlement and an
16  opportunity to object to it or comment on it. Having considered the proposed Settlement Agreement,
17  the papers supporting the preliminary approval of the Settlement Agreement filed by the parties, the
18  fact that no Class Member has objected to the Settlement, the papers submitted in support of final

---

[1] By way of a first amended complaint, the present Action represents a consolidation of seven purported wage and hour class action lawsuits filed in various California State and Federal courts between December 31, 2002 and September 8, 2004 against Defendant (the "Court Actions"). The Court Actions are:
(a) *Boyce v. Sports and Fitness Clubs of America, et al.*, Case No. 03-CV-2140 BEN (U.S.D.C. S.D.Cal.) (filed October 29, 2003) ("*Boyce I*" prior to the filing of the First Amended Complaint on April 8, 2005, and "*Boyce II*" after the filing of the First Amended Complaint);
(b) *Levine v. 24 Hour Fitness*, Case No. 02-CC00386 (Orange County Superior Court) (filed December 31, 2002) ("*Levine*");
(c) *Ynzunza v. 24 Hour Fitness*, Case No. 03-CC00006 (Orange County Superior Court) (filed January 6, 2003) ("*Ynzunza*");
(d) *Seewoster v. 24 Hour Fitness*, Case No. 03 CC00576 (Orange County Superior Court) (filed December 23, 2003) ("*Seewoster*");
(e) *Shetler v. 24 Hour Fitness*, Case No. GIC 829814 (San Diego County Superior Court) (filed May 11, 2004) ("*Shetler*");
(f) *Ayon v. 24 Hour Fitness*, Case No. CIVMSC 04-00357 (Contra Costa County Superior Court) (filed March 1, 2004) ("*Ayon*"); and
(g) *Northroup v. 24 Hour Fitness*, Case No. BC321194 (Los Angeles County Superior Court) (filed September 8, 2004) ("*Northroup*").

approval, the declaration of the Settlement Administrator from CPT Group, Inc, the arguments received by the Court at the final approval hearing held January 23, 2006, and otherwise being fully informed and good cause appearing therefore, it is **ORDERED, ADJUDGED AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. The Court has original jurisdiction over the claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, of the Named Plaintiffs and all members of the Settlement Classes who opt in to the FLSA aspects of the action pursuant to the FLSA, 29 U.S.C. § 216(b)(1). Additionally, pursuant to 28 U.S.C. § 1367, the Court exercises supplemental jurisdiction over the claims of the Named Plaintiffs arising under California state law and, based on their representative status, all other putative members of the Settlement Classes conditionally certified under Rule 23, Federal Rules of Civil Procedure ("Rule 23").

3. Distribution of the Notice directed to the Class Members as set forth in the Settlement Agreement and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and it was the best notice practicable under the circumstances. The Notice informed Class Members of the terms of the Settlement, their opportunity to file claims, to opt out of the Settlement, to file written objections, and to appear in person or by counsel at the Final Settlement Hearing. Adequate periods of time were provided for each of these procedures. The Court finds that these procedures afforded protections to Class Members and provide the basis for the Court to make an informed decision on approval of the Settlement based on the responses of Class Members. The Court finds that the Notice provided in this case satisfied the requirements of Federal Rule of Civil Procedure 23 and constitutional Due Process.

4. For purposes of this Judgment, the Settlement Classes are as follows:

   a. <u>the Manager Class</u>: all persons who work or worked for 24 Hour Fitness in the State of California at any time from December 31, 1998, through October 31, 2005, the date of

1  filing of the Preliminary Approval Order, as either a: General Manager ("GM")[2]; Fitness Manager
2  ("FM")[3]; or Operations Manager ("OM")[4], or who opted in to this Action pursuant to § 216(b) of the
3  Fair Labor Standards Act from outside the State of California;

4      b.    the Commission Class: all persons who work or worked for 24 Hour Fitness in
5  the State of California at any time from December 31, 1998, through October 31, 2005, the date of
6  filing of the Preliminary Approval Order, in any commission eligible or success bonus eligible
7  position, excluding only District Fitness Managers ("DFMs") and District Sales Managers
8  ("DSMs"). This includes but is not limited to the following positions: Personal Trainer ("PT")[5];
9  Sales Counselor ("SC")[6]; Front Desk Employee ("FDE")[7]; Corporate Sales Manager; Corporate
10 Group Sales; General Manager ("GM"), including Assistant GM, GM Active and GM Trainee;
11 Fitness Manager ("FM"), including Assistant FM, FM Active and FM Trainee; or Operations
12 Manager ("OM"), including Assistant OM, OM Active and OM Trainee;

13      c.    the Uniform Class: all persons who work or worked for 24 Hour Fitness in
14 the State of California at any time from May 11, 2000 through October 31, 2005, the date of filing of
15 the Preliminary Approval Order, in any position where the employee was required to wear 24 Hour
16 Fitness logo clothing on the job or to incur marketing expenses, including the following positions:
17 Personal Trainer ("PT"); Sales Counselor ("SC"); Front Desk Employee ("FDE"); Athletic Liaison;
18 Athletic Monitor; Club Attendant; Juice Bar or Fuel Station Employee, including Juice Bar/Fuel
19 Station Team Member, Juice Bar/Fuel Station Manager and Juice Bar/Fuel Station Supervisor; Kid's
20 Club Employee, including Kid's Club Attendant and Kid's Club Supervisor; Maintenance

---

[2] For purposes of this Settlement, the terms "General Manager" or "GM" also include GM Express, Sales Manager, Sales Manager Express, and Assistant General Manager (exempt).
[3] For purposes of this Settlement, the terms "Fitness Manager" or "FM" also include FM Express, Fitness Manager Trainee, Fitness Manager Active (exempt), and Fitness Manager II.
[4] For purposes of this Settlement, the terms "Operations Manager" or "OM" also include OM Express and Service Manager.
[5] For purposes of this Settlement, the terms "Personal Trainer" or "PT" also include Trainer, Certified Personal Trainer (also known as "CPT"), CPTI, CPTII, CPTIII, CPT Elite, Trainer Fit Pro (also known as "TFP"), TFPI, TFPII, TFPIII, TFP Elite, FLS, Apex Tech, Assistant Fitness Manager, AFM, Fitness Manager Active (non-exempt), Fitness Instructor, Floor Supervisor, and Floor Instructor.
[6] For purposes of this Settlement, the terms "Sales Counselor" or "SC" also include Senior Sales Counselor, Fitness Counselor, and Senior Fitness Counselor.
[7] For purposes of this Settlement, the terms "Front Desk Employee" or "FDE" also include Front Desk Receptionist, Front Desk Supervisor, and Front Desk Night.

4.      03 cv 2140-BEN(BLM)
[REVISED] [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS/COLLECTIVE CLASS ACTION SETTLEMENT

Employee, including Maintenance Supervisor and Maintenance Tech; Porter; Referee; Retail Merchandising Employee, including Retail Merchandising Associate and Retail Merchandising Supervisor; Pro Shop; Corporate Sales Manager; Corporate Group Sales; Janitorial Supervisor; General Manager ("GM"), including Assistant GM, GM Active and GM Trainee; Fitness Manager ("FM"), including Assistant FM, FM Active and FM Trainee; and/or Operations Manager ("OM"), including Assistant OM, OM Active and OM Trainee; and

    d. <u>the Hourly Class</u>: all persons who work or worked for 24 Hour Fitness in the State of California at any time from October 29, 1999 through October 31, 2005, the date of filing of the Preliminary Approval Order, in the following positions: Personal Trainer ("PT"); Sales Counselor ("SC"); Front Desk Employee ("FDE"); or Assistant General Manager ("AGM"), or who opted in to this Action pursuant to § 216(b) of the Fair Labor Standards Act from outside the State of California.

  5. The Court has reviewed the Settlement Agreement and finds that the settlement was entered into in good faith and that the settlement amount is fair, reasonable and adequate, particularly when balanced against the probable outcome of further litigation relating to liability and damages issues. The Court further finds that extensive and costly investigation and research have been conducted such that counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional delay and risks that would be presented by the further prosecution of this Action and the Court Actions. Also, the Court finds that the Settlement has been reached as the result of intensive, serious and non-collusive arms-length negotiations.

  6. The Agreement reached between the Parties is intended to be in full settlement of all claims that were encompassed in the present Action and the Court Actions. Neither the Final Judgment nor the Settlement Agreement shall constitute an admission by Defendant of any liability or wrongdoings whatsoever, nor is this Final Judgment a finding of the validity or invalidity of any claims in the Action or the Court Actions.

  7. The Court finds that the Settlement Agreement between Plaintiffs and Defendant is fair, reasonable and adequate; grants final approval; and directs the Parties and Claims Administrator

1  to further cooperate to implement the terms of the Settlement Agreement.

2      8.     Accordingly, the Court hereby approves the definitions, disposition of the settlement

3  amounts and related matters provided in the Settlement Agreement, including the Attorneys' Fees

4  Awards and Service Payments as follows:

5      a.     <u>for the Manager Class</u>: a maximum settlement payment of twelve million four

6  hundred thousand dollars ($12,400,000.00), which is inclusive of the payment of attorneys' fees in

7  the amount of ~~thirty-three and one-third percent~~ 29.7% (~~33.33%~~) of the Manager Class Maximum Payment;

8  the payment of costs in the amount of twenty-two thousand six hundred dollars ($22,600.00) to

9  Manager Class Counsel; and service payment awards of thirty thousand dollars ($30,000.00) each to

10 Class Representatives Justine Levine, Kevin Watts, J.C. Charles, Rafael Ortiz and Robert L. Boyce,

11 Jr. and two thousand five hundred dollars ($2,500.00) each to Class Representatives Erick

12 Northroup, Durojaiye Salaam, Christopher Staffin and Carmen Littlejohn;

13     b.     <u>for the Commission Class</u>: a maximum settlement payment of four million six

14 hundred thousand dollars ($4,600,000.00), which is inclusive of the payment of attorneys' fees in the

15 amount of ~~thirty-three and one-third percent~~ 29.7% (~~33.33%~~) of the Commission Class Maximum Payment;

16 the payment of costs in the amount of five thousand four hundred dollars ($5,400.00) to Commission

17 Class Counsel; and service payment awards of fifteen thousand dollars ($15,000.00) each to Class

18 Representatives Denny Ynzunza, Brent Kaluhikaua, Kevin Watts, J.C. Charles, Rafael Ortiz, Eric

19 Fuentes, Justin Levine and Colleen Doll-Stevens;

20     c.     <u>for the Uniform Class</u>: a maximum settlement payment of one million five

21 hundred thousand dollars ($1,500,000.00), which is inclusive of the payment of attorneys' fees in the

22 amount of ~~thirty-three and one-third percent~~ 29.7% (~~33.33%~~) of the Uniform Class Maximum Payment; the

23 payment of costs in the amount of four thousand eight hundred dollars ($4,800.00) to Uniform Class

24 Counsel; and service payment awards of five thousand dollars ($5,000.00) each to Class

25 Representatives Stephanie Shetler, Robert L. Boyce Jr., Benjamin A. Deluca and James Hefele; and

26     d.     <u>for the Hourly Class</u>: a maximum settlement payment of nineteen million five

27 hundred thousand dollars ($19,500,000.00), which is inclusive of the payment of attorneys' fees in

28 the amount of ~~thirty-three and one-third percent~~ 29.7% (~~33.33%~~) of the Hourly Class Maximum Payment;

1   the payment of costs in the amount of fifty-eight thousand seventy-six dollars ($58,076.00) to
2   Hourly Class Counsel; and service payment awards of fifteen thousand dollars ($15,000.00) each to
3   Class Representatives Luke Secwoster, Martin L. Godfrey, Robert L. Boyce, Jr. and Stephanie
4   Shetler and two thousand five hundred dollars ($2,500.00) each to Class Representatives Philip
5   Ayon and Michael Quigley.

6       e.    for the Non-California Plaintiffs: each Non-California Plaintiff will receive a
7   sum which corresponds to the Allocated Share of the Hourly and/or Manager Class Net Maximum
8   Payment for Aaron G. Butler, Robert, Juenger, Chris Masone and Nathan Einkorn.

9       9.    The Court also hereby approves and orders payments as provided in the Settlement
10  Agreement, for the actual claims administration expenses incurred by CPT Corp., presently
11  estimated to be five hundred forty five thousand dollars ($545,000.00).

12      10.    In accordance with the terms of the Settlement Agreement, this Action shall be
13  dismissed on the merits and with prejudice. Counsel for Plaintiffs also are ordered, pursuant to the
14  terms of the Settlement Agreement, to dismiss with prejudice the Court Actions. As provided in the
15  Settlement Agreement, the following releases shall apply to and be binding on all Class Members in
16  each of the settlement classes, respectively:

17      a.    for the Manager Class: except as to such rights or claims as may be created
18  by this Settlement, the Manager Class Members fully release and discharge Defendant and all
19  present and former parent companies, subsidiaries, shareholders, officers, directors, employees,
20  agents, affiliates, servants, registered representatives, attorneys, insurers, employee benefit plans,
21  successors and assigns, from any and all claims, debts, liabilities, demands, obligations, penalties,
22  guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or
23  nature, whether known or unknown, that were alleged or that reasonably could have arisen out of the
24  same facts alleged by the Manager Class in the Court Actions and by the Manager Class in the First
25  Amended Complaint, including but not limited to any claims for unpaid wages, including unpaid
26  overtime, unlawful deduction of wages, untimely payment of wages, record-keeping violations,
27  failure to provide meal or rest periods, contributions to the 24 Hour Fitness Savings and Investment
28  Plan (the "401(k) Plan") or any retirement and/or savings plan (related to the Manager Class

1  Covered Claims), breach of contract, breach of the covenant of good faith and fair dealing,
2  conversion, fraud and deceit, and misrepresentation, including without limitation, violations of
3  California Labor Code sections 201-204, 206.5, 215, 216, 218.5, 226, 226.3, 226.6, 226.7, 510, 512,
4  551, 552, 558, 1194, 1198 and 1199, California Business and Professions Code sections 17000 and
5  17200, *et seq.*, Wage Order No. 2-2001 (and, prior to January 1, 2001, Wage Order No. 2-80, and,
6  prior to March 2000, Wage Order No. 2-98), issued by the Industrial Welfare Commission, and the
7  Fair Labor Standards Act, up to and including October 31, 2005, the date of filing of the Preliminary
8  Approval Order.

9  b.  <u>for the Commission Class:</u> except as to such rights or claims as may be
10 created by this Settlement, the Commission Class Members fully release and discharge Defendant
11 and all present and former parent companies, subsidiaries, shareholders, officers, directors,
12 employees, agents, affiliates, servants, registered representatives, attorneys, insurers, employee
13 benefit plans, successors and assigns, from any and all claims, debts, liabilities, demands,
14 obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of
15 action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably
16 could have arisen out of the same facts alleged by the Commission Class in the Court Actions and by
17 the Commission Class in the First Amended Complaint, including but not limited to any claims for
18 unpaid wages, including untimely payment of wages, record-keeping violations, unpaid
19 commissions and/or bonuses, contributions to the 24 Hour Fitness Savings and Investment Plan (the
20 "401(k) Plan") or any retirement and/or savings plan (related to the Commission Class Covered
21 Claims), breach of contract, breach of the covenant of good faith and fair dealing, conversion, fraud
22 and deceit, and misrepresentation, including without limitation, violations of California Labor Code
23 sections 201-204, 206.5, 215, 216, 218.5, 220-221, 223, 225, 226, 226.3, 226.6 and 1174, California
24 Business and Professions Code sections 17000 and 17200, *et seq.*, California Civil Code sections
25 1670.5, 3275 and 3369, Wage Order No. 2-2001 (and, prior to January 1, 2001, Wage Order No. 2-
26 80, and, prior to March 2000, Wage Order No. 2-98), issued by the Industrial Welfare Commission,
27 and the Fair Labor Standards Act, up to and including October 31, 2005, the date of filing of the
28 Preliminary Approval Order.

8.   03 cv 2140-BEN(BLM)
[REVISED] [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS/COLLECTIVE CLASS ACTION SETTLEMENT

    c.    <u>for the Uniform Class</u>: except as to such rights or claims as may be created by this Settlement, the Uniform Class Members fully release and discharge Defendant and all present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, affiliates, servants, registered representatives, attorneys, insurers, employee benefit plans, successors and assigns, from any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably could have arisen out of the same facts alleged by the Uniform Class in the Court Actions and by the Uniform Class in the First Amended Complaint, including but not limited to any claims for unpaid wages, including unreimbursed expenses, contributions to the 24 Hour Fitness Savings and Investment Plan (the "401(k) Plan") or any retirement and/or savings plan (related to the Uniform Class Covered Claims), breach of contract, breach of the covenant of good faith and fair dealing, conversion, fraud and deceit, and misrepresentation, including without limitation, violations of California Labor Code sections 201-204, 206.5, 215, 216, 218.5, 226, 226.3, 226.6, 450-52, 1174, 1194, 1198, 1199 and 2802, California Business and Professions Code sections 17000 and 17200, *et seq.*, Wage Order No. 2-2001 (and, prior to January 1, 2001, Wage Order No. 2-80, and, prior to March 2000, Wage Order No. 2-98), issued by the Industrial Welfare Commission, and the Fair Labor Standards Act, up to and including October 31, 2005, the date of filing of the Preliminary Approval Order.

    d.    <u>for the Hourly Class</u>: except as to such rights or claims as may be created by this Settlement, the California Hourly Class Members fully release and discharge Defendant and all present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, affiliates, servants, registered representatives, attorneys, insurers, employee benefit plans, successors and assigns, from any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably could have arisen out of the same facts alleged by the California Hourly Class in the Court Actions and by the California Hourly Class in the First Amended Complaint, including but not limited to any claims for unpaid wages, including unpaid overtime, untimely payment of wages, contributions to the 24 Hour Fitness Savings

1  and Investment Plan (the "401(k) Plan") or any retirement and/or savings plan (related the California

2  Hourly Class Covered Claims); record-keeping violations, failure to provide meal or rest periods,

3  breach of contract, breach of covenant of good faith and fair dealing, conversion, fraud and deceit,

4  and misrepresentation, including without limitation, violations of California Labor Code sections

5  201-204, 206.5, 215, 216, 218.5, 226, 226.3, 226.6, 226.7, 510, 512, 551, 552, 558, 1194, 1198 and

6  1199, California Business and Professions Code sections 17000 and 17200, *et seq.*, Wage Order

7  No. 2-2001 (and, prior to January 1, 2001, Wage Order No. 2-80, and, prior to March 2000, Wage

8  Order No. 2-98), issued by the Industrial Welfare Commission, and the Fair Labor Standards Act, up

9  to and including October 31, 2005, the date of filing of the Preliminary Approval Order.

10      e. <u>for the Non-California Plaintiffs</u>: except as to such rights or claims as may be

11  created by this Settlement, the Non-California Plaintiffs fully release and discharge Defendant and

12  all present and former parent companies, subsidiaries, shareholders, officers, directors, employees,

13  agents, affiliates, servants, registered representatives, attorneys, insurers, employee benefit plans,

14  successors and assigns, from any and all claims, debts, liabilities, demands, obligations, penalties,

15  guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or

16  nature, whether known or unknown, that were alleged or that reasonably could have arisen out of the

17  same facts alleged by the Non-California Plaintiffs in the Court Actions and alleged by the Non-

18  California Plaintiffs in the First Amended Complaint, including but not limited to any claims for

19  unpaid wages, including unpaid overtime, unlawful deduction of wages, untimely payment of wages,

20  contributions to the 24 Hour Fitness Savings and Investment Plan (the "401(k) Plan") or any

21  retirement and/or savings plan (related to the Non-California Plaintiffs Covered Claims), record-

22  keeping violations, breach of contract, breach of the covenant of good faith and fair dealing,

23  conversion, fraud and deceit, and misrepresentation, including without limitation violations of the

24  Fair Labor Standards Act, up to and including October 31, 2005, the date of filing of the Preliminary

25  Approval Order.

26      f.     The foregoing releases will not apply to a Class Member's claims under the

27  Fair Labor Standards Act if he/she has not submitted a timely Claim Form.

28      11.     Without affecting the finality of this Final Order and Judgment, the Court reserves

10.    03 cv 2140-BEN(BLM)
[REVISED] [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS/COLLECTIVE CLASS ACTION
SETTLEMENT

continuing and exclusive jurisdiction over the Parties to the Settlement Agreement, including 24 Hour Fitness and Class Members, to administer, supervise, construe and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the Parties. The Court also retains jurisdiction over Class Counsel's request for attorneys' fees and costs. The Court, in the interests of justice, there being no just reason for delay, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment.

IT IS SO ORDERED, this _____ day of _____ 2006.

HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE